# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### OCTOBER 1999 SESSION


FILED

December 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| Appellee, | ) C.C.A. NO. W1999-01906-CCA-R3-CD |
| | ) |
| VS. | ) MADISON COUNTY |
| | ) |
| | ) HON. FRANKLIN MURCHISON, |
| LEE BELL, JR., | ) JUDGE |
| | ) |
| Appellant. | ) (Revocation of Community Corrections) |


FOR THE APPELLANT:

**GEORGE GOOGE**
District Public Defender

**VANESSA D. KING**
Asst. Public Defender
227 West Baltimore St.
Jackson, TN 38301

**C. MICHAEL ROBBINS**
46 North Third St.
Suite 719
Memphis, TN 38103
(On Appeal)

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**PATRICIA C. KUSSMANN**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**JERRY WOODALL**
District Attorney General

**DONALD H. ALLEN**
Asst. District Attorney General
Lowell Thomas State Office Bldg.
Jackson, TN 38301


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant pled guilty to three counts of theft of property under five hundred dollars ($500), two counts of forgery, two counts of criminal impersonation, one count of aggravated criminal trespass, and was found guilty by a jury of one count of theft of property over one thousand dollars ($1000). The defendant received an effective sentence of eight years with eleven months, twenty-nine days to be served in confinement and seven years and one day to be served in a community corrections program. A petition was subsequently filed requesting that the trial court revoke the defendant's alternative sentence. After an evidentiary hearing, the trial court removed the defendant from the community corrections program and ordered that the defendant serve the remainder of his sentence in confinement. The defendant now appeals the trial court's revocation of his sentence in the community corrections program. After a review of the record and applicable law, we find no merit to the defendant's contentions and thus affirm the judgment of the court below.

The defendant first contends that the trial court's order revoking his community corrections sentence is void "as it is grounded on an illegal and void arrest warrant." Specifically, the defendant contends that the information provided by the affiant which was used to justify the defendant's arrest was unsworn. As such, the defendant argues, the warrant is void ab initio and any proceedings based on the warrant are void as well. This issue was not litigated at the trial level. In addition, the arrest warrant was signed by the defendant's community corrections officer under the section titled "Affidavit" and the trial judge issued the warrant thereon. Any issue regarding a defect in the arrest warrant has been waived and cannot be considered on appeal. See State v. Lunati, 665 S.W.2d 739, 749 (Tenn. Crim. App. 1983).

The defendant next contends that the trial court abused its discretion in revoking his community corrections sentence and ordering that he serve the remainder in confinement. The trial court has the discretion to revoke a community corrections

2

sentence upon a finding that the defendant has violated the conditions of his behavioral contract. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). However, before a sentence may be revoked, the record must contain sufficient evidence to permit the trial court to make an intelligent and conscientious decision. Id. This Court will not disturb the trial court's decision absent a finding that the trial court abused its discretion. Id. In order to find that the trial court abused its discretion, this Court must find that the record contains no substantial evidence to support the trial court's conclusion that the defendant violated the terms of the community corrections program. Id.

At the revocation hearing, the defendant's community corrections officer, Clarence Fitzhugh, testified that although the defendant did sign up for the program and signed the behavioral contract, the defendant failed to report to anyone in the program as is required. In addition, the defendant failed to pay supervision fees, court costs or fines. In his defense, the defendant testified that he tried to report to the probation office but was told he was reporting to the wrong office. When he tried to report to the office to which he was directed, he was again instructed to report somewhere else. The defendant further testified that he did not pay his supervision fees and court costs because he was paying child support instead. In light of the foregoing, the record amply supports the trial court's findings that the violations occurred.

Nevertheless, the defendant contends that he failed to follow the guidelines of the community corrections program due to a mental deficiency which was noted by the trial judge. At the revocation hearing, the trial judge stated that,

> Although I would agree, [the defendant] seems to have a hard time understanding things . . . [the defendant] seems to have a difficult time getting things done and getting things done right. He really does, but I think we've gone about as far as we can with him. He's not ever going to be able to successfully be on Community Corrections or probation. I'm going to send him to TDOC to serve his sentence. . . . He's violated . . . his Community Corrections program, in a substantial way.

We first note that, other than the trial court's statements, there is absolutely no proof in the record supporting the defendant's allegation that he is mentally deficient to such an extent that he was unable to comply with the terms of his community corrections

3

sentence. In any event, in the context of a probation violation, the majority view is that a mental defect may only be considered as mitigating evidence. State v. Jeffrey D. Hunter, No. 01C01-9608-CC-00334, Williamson County (Tenn. Crim. App. filed October 30, 1997, at Nashville). As such, the trial court met its obligation by specifically considering the defendant's mental condition in mitigation of his failure to follow the community corrections guidelines. However, the trial court still concluded that the defendant's community corrections sentence should be revoked. The record fully supports this decision.

The defendant further contends that the trial court erred in revoking his community corrections sentence on the basis of his failure to pay court costs and fees. The defendant argues that his child support obligations and other expenses prevented him from making the required payments. The defendant argues that, as a probationary sentence may not be revoked on the naked proof of failure to pay required fees and there was no evidence that the defendant willfully refused to make the payments, the trial court erred in revoking his community corrections sentence. However, the trial court did not revoke the defendant's sentence solely on the basis of his failure to make the required payments. The trial court emphasized the defendant's failure to report to the program when making its decision to revoke the defendant's sentence. The defendant's failure to report is sufficient grounds upon which the trial court could base its decision to revoke the defendant's sentence. See T.C.A. § 40-35-311; Harkins, 811 S.W.2d at 82. As such, this issue is without merit.

After a review of the record before us, we conclude that the record contains sufficient proof to enable the trial court to make an intelligent and conscientious decision. The trial court did not abuse its discretion in revoking the defendant's community corrections sentence. Accordingly, the judgment of the trial court is affirmed.

_____
JOHN H. PEAY, Judge

4

CONCUR:


_____
NORMA M. OGLE, Judge


_____
ALAN E. GLENN, Judge